Lincoln Electric Heating Appliances v. Schultz, 203 Ill. App. 340.

5. APPEAL AND ERROR, § 479*—*when objection as to insufficiency of instructions is made too late.* An objection that instructions are contradictory not made at the time the instructions were given cannot be made for the first time in the Appellate Court.

## Lincoln Electric Heating Appliances, Incorporated, Defendant in Error, v. Richard A. Schultz, Plaintiff in Error.

### Gen. No. 21,683. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARTHUR J. GRAY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here. Opinion filed February 7, 1917.

### Statement of the Case.

Action by Lincoln Electric Heating Appliances, incorporated, a corporation, plaintiff, against Richard A. Schultz, defendant, to recover $1,000 damages because of materials furnished to defendant with which to construct certain parts of electric lanterns for plaintiff. From a judgment for plaintiff for the amount claimed, defendant brings error.

VINCENT D. WYMAN, OTTO W. JURGENS and CHARLES E. CARPENTER, for plaintiff in error.

HOWARD AMES, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lincoln Electric Heating Appliances v. Schultz, 203 Ill. App. 340.

## Abstract of the Decision.

1. CONTRACTS, § 329*—*when party accepting and paying for work is estopped to recover damages for defects.* Where a party experienced in a particular line of business accepted and paid for work done in that line, *held* that such party was estopped from recovering damages because of such work.

2. PAYMENT, § 48*—*when money paid is recoverable.* Money paid upon false bills or upon bills already paid is recoverable.

3. DAMAGES, § 61*—*when judgment for loss of profits on contract is erroneous.* Where a judgment for claimed loss of profits on a contract was not based upon any evidence of how much profit, if any, the plaintiff would have made on such contract or that the loss of such contract was by reason of the defendant's failure, *held* that such judgment was erroneous.

4. DAMAGES, § 190*—*when evidence is insufficient to authorize recovery for depreciation in value of returned materials furnished manufacturer.* Where materials belonging to the plaintiff were furnished to the defendant, a manufacturer, with which he was to manufacture certain articles for the plaintiff, and were returned to the plaintiff five or six days later in large part in the same condition as when delivered to the defendant, and no reason for depreciation in value or evidence thereof appeared in an action against the defendant for damages, *held* that a judgment for the plaintiff for damages was erroneous.

5. DAMAGES, § 190*—*when evidence is insufficient to justify recovery for expenditures due to failure of manufacturer to return demanded materials.* Evidence *held* insufficient to justify recovery for certain expenditures by plaintiff claimed as damages while its factory was idle, in an action to recover damages for failure to return materials furnished defendant with which to construct for plaintiff parts of certain lanterns.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.